U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

KATHY COTTEN,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant

                              /

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **KATHY COTTEN**, by and through undersigned counsel, hereby sues the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,** and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction over this matter pursuant to 28 USC § 1333 (1) and 28 USC § 1332 (a)(1).

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff, **KATHY COTTEN**, was and is a resident of and is domiciled in Fuquay Varina, North Carolina, and at all times material was a passenger on board defendant's vessel, the "**DREAM**."

5. Upon information and belief, at all times material, Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, was a corporation with its principal place of business and operation located in Miami, Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (The ticket is no longer in Plaintiff's possession).

## COUNT I - NEGLIGENCE

7. On or about January 17, 2013, Defendant owned and operated a passenger cruise ship known as the "**DREAM**."

8. At such time and place, Plaintiff, **KATHY COTTEN**, was lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

9. On January 17, 2013, while on board the **DREAM**, which was operating in navigable waters, the Plaintiff, **KATHY COTTEN**, was seriously injured when she slipped and fell on water that was on the floor of the Promenade deck by the shops, seriously injuring her right knee.

11. At all times material hereto Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

12. Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

A. Failing to exercise reasonable care for the safety of its passengers and in creating a dangerous condition on the Promenade Deck (Deck 5) of the CCL Dream;

B. Failing to properly maintain the deck surfaces and walkways on Deck 5 in a reasonably safe condition;

C. Failing to inspect the deck and walking surfaces of Deck 5 in a sufficient manner to determine the presence of foreign, transitory substances;

D. Failing to provide a reasonable walkway and deck surface on its vessel, reasonably designed for use by its passengers;

E. Failing to warn passengers, including Plaintiff of the wet surface, which Defendant knew of or in the exercise of reasonable care should have known of in the subject area;

F. Negligently establishing and enforcing a method of operation on Deck 5 for inspection and maintenance of the floor where Plaintiff fell;

G. Allowing a dangerous condition to exist notwithstanding prior similar injury incidents on this and other vessels in its fleet and this class on the same deck, including the area where Plaintiff fell;

H. Failing to train crew members in the assessment, inspection, discovery, and cleaning of foreign, transitory substances on Deck 5 of the CCL Dream;

I. Failing to comply with its own internal policies and procedures established by the ISM Code, SQMS, and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201

et. seq. and all Rules and Regulations, including, but not limited to all relevant standards NVIC's of the United States Coast Guard, and IMO.

13. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **KATHY COTTEN**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical and occupational therapy, and medical and nursing expenses.  Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, **KATHY COTTEN**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: October 31, 2013.

      LAW OFFICE OF GLENN J. HOLZBERG
      Offices at Pinecrest II, Suite 220
      7685 S.W. 104th Street
      Miami, Florida 33156
      Telephone: (305) 668-6410
      Facsimile:   (305) 667-6161

BY:   */s/ Glenn J. Holzberg*
        GLENN J. HOLZBERG
        Fla. Bar # 369551